**Marina MRELASHVILI and Zaza Mrelashvili, Petitioners,**

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE and John Ashcroft, Attorney General of the United States, Respondents.**

No. 02–4148.

United States Court of Appeals, Second Circuit.

March 7, 2005.

Nicholas J. Mundy, Kuba, Mundy & Associates, New York, NY, for Petitioners.

Susan W. Berry, Trial Attorney, Office of Immigration Litigation, Civil Division (Peter D. Keisler, Assistant Attorney General, Civil Division, U.S. Department of Justice; Linda S. Wernery, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), Washington, DC, for Respondents.

Present: WALKER, Chief Judge, CARDAMONE, and B.D. PARKER, Jr., Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals is **AFFIRMED** and the petition is **DENIED**.

Petitioners Marina Mrelashvili and Zaza Mrelashvili seek review of an April 11, 2002, Board of Immigration Appeals ("BIA") order dismissing their appeal from the March 13, 2000, decision of an immigration judge ("IJ") granting their application for voluntary departure pursuant to § 240B(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229c(a), and accepting their withdrawal of claims for asylum and withholding of removal. In their petition, the Mrelashvilis argue that the BIA abused its discretion in dismissing their appeal and denying their motion to reopen and remand. Specifically, they claim that they did not knowingly and voluntarily withdraw their applications for asylum and withholding of removal, and thus did not knowingly and voluntarily accept voluntary departure. Familiarity with the facts and procedural history is assumed. We affirm the BIA's order and deny the Mrelashvilis' petition.

We review the BIA's factual findings under a "substantial evidence" standard. See Zhang v. INS, 386 F.3d 66, 73 (2d Cir.2004); Secaida–Rosales v. INS, 331 F.3d 297, 306–07 (2d Cir.2003). Under this standard, such findings are " 'conclusive unless any reasonable adjudicator would be compelled to conclude the contrary.' " See Zhang, 386 F.3d at 73 n. 7 (quoting 8 U.S.C. § 1252(b)(4)(B); noting that the statute codifies the substantial evidence standard of review).

The BIA rejected petitioners' contention that their withdrawal of claims was not

knowing and voluntary, and their requests to reopen and remand, for reasons that were adequately substantiated by the record. The record supports the BIA's view that these claims were withdrawn knowingly and voluntarily, with the advice of counsel, because the proffered ground for asylum was fabricated. Even if their withdrawal of claims was not knowing and voluntary, the Mrelashvilis still have set forth no ground upon which asylum or withholding of removal could be based.

We have carefully considered the Mrelashvilis' remaining arguments and find them to be without merit.

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition for review is **DENIED**.